UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH NICHOLAS ET AL | CIVIL ACTION NO. 15-cv-2513* |
| VERSUS | JUDGE JUNEAU |
| B & J INC | MAGISTRATE JUDGE HANNA |

\* *Also to be docketed in Civil Action Nos. 6:15-cv-2512 and 6:15-cv-2521*

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss for No Right or Cause of Action [Rec. Doc. 106], which was filed by Defendant B&J Inc. The motion is unopposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the motion be GRANTED.

## BACKGROUND

This case is related to other cases that arise out of a vessel collision in Rockefeller Wildlife Refuge located in the inland waters of Cameron Parish Louisiana in October of 2015. [Rec. Doc. 1]. B&J, Inc. owned and operated a crewboat known as the Miss Debbie. [Rec. Doc. 106-1, p.1]. It was involved in a collision with a recreational fishing vessel in which Joseph Nicholas was a passenger. [Rec. Doc. 1]. Mr. Nicholas alleges that he was injured in the accident

and a complaint was brought on his behalf, on behalf of his spouse, a minor child, a major child who is dependent and a stepchild, Mariah Calais. [Rec. Doc. 12, pp. 5-7]. B&J seeks dismissal of the claims of Mariah Calais on the basis that she is not an eligible beneficiary for her claims of loss of consortium under Louisiana law and there is no evidence that she would be entitled to relief as a bystander under La. Civ. Code art. 2315.6.

## LAW AND ANALYSIS

Although styled as a motion to dismiss on the basis of no cause or right of action, i.e. a motion under Rule 12(b)(6), B&J attaches a number of exhibits to its motion thereby seeking to expand the court's analysis beyond the allegations of the complaint. Under Rule 12(d), "if matters on the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." This Court recommends the motion be so converted as the record evidence is necessary for disposition of the motion.

Rule 12(d) also requires that "all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Counsel for the Nicholas family has indicated they have no opposition to this motion in a letter submitted to the court. [Rec. Doc. 109]. However, as the Fifth Circuit has "approached the automatic grant of a dispositive motion, such as a grant of summary

judgment based solely on a litigant's failure to respond, with considerable aversion," this Court will analyze the merits of motion as factually uncontroverted under Rule 56. *Leura v. Kleberg Cnty. Tex.,* 460 Fed. App'x. 447, 449 (5th Cir. 2012).

It is undisputed that the vessel collision occurred in the state territorial waters of Louisiana. It is also undisputed that Mr. Nicholas is neither a Jones Act seaman nor a longshoreman. Therefore, his claim is brought as a non-seafarer, and as such, even though his claim may be governed by maritime law, non-pecuniary damages for loss of consortium sustained by his spouse/beneficiaries may be afforded by the use of state law as a supplement to maritime law. *Yamaha Motor Corp. v. Calhoun,* 516 U.S. 199 (1996). That such relief may be awarded under Louisiana law to the beneficiaries of a recreational fisherman such as Mr. Nicholas who is injured in state territorial waters is beyond dispute. *Felarise v. Cheramie Marine, L.L.C.* 2010 WL 375229, *2-3, (E.D. La. 1/26/10); *Liner v. Dravo Basic Materials*, 2000 WL 1693678, *2 (E.D. La. 11/7/00).

The evidence submitted by B&J supports the fact that Mariah Calais is a child born of a relationship of Sue Anna Calais Nicholas and Mitchell Davis. [Rec. Doc. 106-2; 106-3; and 106-4, pp. 1-3.] Joseph Nicholas is married to Sue Nicholas but he has never adopted Ms. Calais. [Rec. Doc. 106-3]. It is also undisputed that Ms. Calais was not present at the time of the accident nor did she come upon the scene shortly after. [Rec. Doc. 106-4, pp. 4-5].

Under La. Civ. Code Art. 2315.2, made applicable by Art. 2315(B), the spouse and children of Mr. Nicholas would be the first beneficiary class for which non-pecuniary damages are available. The statute is clear that the delineated classes are the only members who may recover. *Roche v. Big Moose Oil Field Truck Svc.*, 381 So.2d 396, 399 (La. 1980). Under article 2315.2(D), a "child" who may bring a claim under article 2315.2 includes a child by adoption. Further, article 3506(8) defines "child" as "those persons born of the marriage, those adopted, and those whose filiation to the parent has been established in the manner provided by law, as well as descendants of them in the direct line."

The evidence is Ms. Calais was not born of the marriage between Joseph and Sue Nicholas, nor has she provided any evidence of filiation to Joseph Nicholas. She has not been adopted and since there is no provision for an un-adopted child to be a member of the beneficiary class, she has no ability to recover as she has no right of action. La. Civ. Code art. 2315.2(D). *Lollis v. Concordia Parish,* 2010 WL 454721, *5 (W.D.La. 2/9/10); *Henderson v. Turner,* 2012 WL 3109482, *3 (M.D. La 7/31/12); *Cormier v. Williams/Sedco Horn Constructors,* 460 F.Supp. 1010, 1012 (E.D.La. 1978); *Aymond v. State, Dept. of Highways,* 333 so.2d 380, 381,382 (La. App. 3d Cir. 1976).

Under La. Civ. Code art. 2315.6 a person who views an event causing injury to another person or who comes upon the scene of the event soon thereafter may

recover for their own mental anguish or emotional distress. Since it is undisputed that Ms. Calais did not view the event, nor did she come upon it soon thereafter and first saw her stepfather when he was already n the hospital, she has no independent claim under Louisiana law.

## CONCLUSION

For the foregoing reasons, this Court recommends that B&J, Inc.'s motion to dismiss [Rec. Doc. 106] be converted to a motion for summary judgment under Rule 56, that the motion be GRANTED and the claims asserted on behalf of Mariah Calais be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[1]

Signed at Lafayette, Louisiana on December 6th, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).